### No. 717
### STATE ex v. HAUSER
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2471. Decided April 6, 1925

1871. BUILDINGS — 1. Motion of city council to building commissioner, to refuse building permit until zoning ordinance was acted upon by it, is of no legal effect, being advisory only.

2. Refusal to issue permit under circumstances was arbitrary and unreasonable interference with property rights.

HAMILTON, J.

The State, in the relation of Arthur Erdman, brought this original suit in mandamus in the Court of Appeals, and Erdman prayed that a writ issue to George Hauser as building Commissioner of Cincinnati, directing him to issue to Erdman a building permit for the erection of a business structure in accordance with plans and specifications on file with said commissioner.

Hauser's defense was that the city council, by motion directed him to refuse the permit until action by it on the Zoning Ordinance, then pending, and he further averred that the Zoning Ordinance was passed placing the property, on which the building in question was sought to be erected in a residential district. The Court held:

1. The motion of the Council to refuse the permit was advisory only, and of no legal effect.

2. The constitutionality of the Zoning Ordinance is attacked by Erdman. The question of the constitutionality of Zoning Ordinances of the character of the one in question is pending before the Supreme court in several cases, and constitutionality of such ordinances is not discussed.

3. The action in refusing the permit was arbitrary, and an unreasonable interference with the property rights of Erdman.

4. Erdman is entitled to the relief prayed for and a mandatory writ may issue.

Attorneys—Bolsinger & Kuhn, and L. M. Levinson for State ex; L. L. Forchheimer for Hauser; Alfred Bettman for Planning Committee; all of Cincinnati.

---

### No. 718
### PIETKIEWICZ v. STATE
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 6475. Decided June 8, 1925

1162. TESTIMONY—Of 14 year old girl bearing upon a common law marriage properly refused admission.

SULLIVAN, J.

This cause comes into this Court on error from the Cuyahoga Common Pleas wherein Anton Pietkiewicz was found guilty under an indictment charged in two counts; there was a verdict of not guilty as to rape with consent, and as to the count of rape with violence, there was a verdict of guilty.

It is sought to reverse the verdict on the ground that it is clearly and manifestly against the weight of the evidence, and that the court erred in allowing testimony on the part of the prosecuting witness, a girl of 14 years of age, as to her age, and also testimony tending to show a common law marriage. The Court of Appeals held:

1. From a reading of the record it is clear that the court committed no prejudicial error as to the weight of the evidence, for the reason that there is credible evidence in the record showing violence in the commission of the rape and the jury had a right to believe this evidence, even though it came from the prosecuting witness in detailing the facts and circumstances of the case.

2. As to the admission of testimony as to her age we think it was perfectly competent, because to decide otherwise would deprive a father as a witness to prove fatherhood and a child to prove paternal parentage, and we do not think that the court committed error to these respects.

3. Another serious proposition in the case is that inasmuch as the prosecutrix was but fourteen years of age she would be incompetent to contract a marriage of any nature and, therefore the court committed no prejudice when he refused to admit evidence bearing upon a common law marriage.

4. For these reasons there was no prejudicial error, and the judgment of the court below is affirmed.

Attorneys—F. J. Kmiecik, for Pietkiewicz; E. C. Stanton for State; both of Cleveland.